UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

---------------------------------------------------------X
**JACOB DOE**

                              **Plaintiff,**

v.

                              No. 1:24-CV-41

**THE UNIVERSITY OF NORTH CAROLINA SYSTEM,** *et al.*

                            **Defendants.**
---------------------------------------------------------X

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO PROCEED UNDER PSEUDONYM

Plaintiff Jacob Doe (hereinafter referred to as "Plaintiff, "Jacob Doe" or "Doe"), hereby seeks an Order granting permission to file a Complaint in the above-captioned matter as a pseudonymous Plaintiff. The University of North Carolina at Chapel Hill ("UNC"), suspended Jacob Doe for one full academic year after finding him responsible for sexual misconduct following a biased and unfair administrative process involving a thesis-driven investigation and hearing on a complaint that was contradicted by the accuser's own statements and medical records. As a result, Doe was erroneously found responsible for violating UNC's Policy on Prohibited Sexual Harassment Under Title IX ("Title IX Policy") and suspended for one full academic year, causing the loss of his scholarship and other irreparable harms.

Doe is seeking to have the erroneous findings and sanction reversed and removed from his record, along with other relief. In light of the highly sensitive and personal nature

1

of the allegations in the Verified Complaint, mainly involving claims of sexual misconduct and the accuser's sexually transmitted infection, Plaintiff is justifiably concerned about the potential irreparable harm, not only to his reputation, but also to his livelihood, in that this information, if revealed, will prevent him from continuing his education and obtaining gainful employment. Plaintiff should be allowed the opportunity to clear his name without further sullying his reputation by allowing public access to his identity, or the identity of his accuser. Accordingly, Plaintiff respectfully moves for leave to proceed under the pseudonym "Jacob Doe" and to identify his accuser as "Jane Roe" in this action.

## STATEMENT OF FACTS

The statement of facts pertinent to this motion is provided in the contemporaneously filed Verified Complaint and Declaration of Jacob Doe, which details the highly sensitive nature of the matter involving accusations of sexual misconduct unsupported by evidence and contradicted by the accuser's own statements and medical records, resulting in a miscarriage of justice committed against Plaintiff by UNC throughout the administrative process. These sensitive facts satisfy the legal criteria for filing and proceeding under a pseudonym.

## ARGUMENT

While the Federal Rules of Civil Procedure require that the complaint "include the names of all the parties," and that an action be prosecuted "in the name of the real party in interest," the decision whether to allow a plaintiff to proceed anonymously is within the discretion of the trial court. Fed. R. Civ. P. 10(a), 17(a)(1); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit has recognized that in "appropriate circumstances

anonymity may, as a matter of discretion, be permitted. This simply recognizes that privacy or confidentiality concerns are sometimes sufficiently critical that parties or witnesses should be allowed this rare dispensation. A necessary corollary is that there is a judicial duty to inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *James v. Jacobson*, 6 F.3d at 238.

Federal law recognizes the importance of maintaining confidentiality of university student records, and imposes certain requirements on those receiving federal funding, including UNC. Specifically, the Family Educational Rights and Privacy Act ("FERPA") prohibits schools from disclosing student educational and disciplinary records without the student's consent. 20 U.S.C. § 1232(g). In fact, the First Circuit recently held that courts "cannot ignore the background confidentiality regime in assessing the circumstances relevant to a request for pseudonymity," as the public has "an abiding interest in ensuring that the values underpinning the confidentiality protections imposed by FERPA and Title IX are not subverted by collateral attacks in federal court." *Doe v. Mass. Inst. Of Tech.,* 46 F.4th 61, 76 (1st Cir. 2022).

Thus, many courts, including those in the Fourth Circuit, have held under similar circumstances that a party may proceed anonymously. *Painter v. Doe*, 2016 WL 3766466, at *6 (W.D.N.C. July 13, 2016) (stating that allegations of sexual misconduct are sufficiently sensitive and personal to support proceeding under a pseudonym); *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 (W.D. Va. Mar. 29, 2022); *Doe v. Virginia Polytechnic Inst. & State Univ.*, 2018 WL 5929647 (W.D. Va. Nov. 13, 2018); *Doe v. Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 592-94 (E.D. Va.

3

2016) (allowing plaintiff accused of sexual assault to proceed under pseudonym); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing the alleged perpetrator and victim of sexual assault to proceed under fictitious names); *Doe v. Univ. of Denver,* 2018 WL 1304530 (D. Colo. Mar. 13, 2018); *Doe v. Brown Univ.,* 210 F. Supp. 3d 310 (D.R.I. 2016)*; Doe v. Columbia Univ.,* 831 F.3d 46 (2d Cir. 2016); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744 (E.D. Tenn. 2009); *Doe v. Brandeis Univ.,* 177 F. Supp. 3d 561 (D. Mass. 2016); *Doe v. Salisbury Univ.,* 2015 WL 3478134 (D. Md. 2015); *Doe v. Univ. of Cincinnati*, 872 F.3d 393 (6th Cir. 2017); *Doe v. Univ. of Montana*, 2012 WL 2416481 (D. Mont. 2012) ("With respect to the individual students involved in the Student Conduct Code proceeding, as well as the witnesses and University Court members involved in that proceeding, the Court finds that the interests of those individuals in avoiding undue embarrassment, harassment, and disclosure of sensitive private information outweigh the public's need to know their names," *citing Does I–XXIII v. Advanced Textile Corp.,* 214 F.3d 1058, 1068–69 (9th Cir. 2000)).

This is so because "[t]he crucial interests served by open judicial proceedings are not compromised by allowing a party to proceed anonymously. If a plaintiff is granted leave to proceed under a pseudonym, the public is not denied its right to attend the proceedings or inspect the court's opinions and orders on the underlying constitutional issue." *Doe v. Virginia Polytechnic Inst. & State Univ.,* 2018 WL 5929647, at *2 (W.D. Va. Nov. 13, 2018) (internal citations omitted).

The Fourth Circuit set out a non-exhaustive five-part test to consider when a plaintiff requests to proceed under a pseudonym. *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir.

4

1993). The factors to be considered are: (1) whether the requesting party seeks to preserve his privacy in a sensitive and highly personal matter; (2) whether there is a risk of retaliatory physical or mental harm to a party or other non-party due to the identification; (3) the ages of the persons whose privacy interests are sought to be protected; (4) whether the action is against a governmental or private party; and (5) whether there is a risk of unfairness to the opposing party in granting the motion. *Id.* (citations omitted).

### I.      <u>Allegations of Sexual Assault Are a Highly Personal and Sensitive Matter</u>

The underlying facts in this case relate mainly to false allegations of sexual misconduct and the accuser's reckless exposure of Plaintiff to sexually transmitted infection. brought by four female students against the Plaintiff. Ultimately, Doe was erroneously found responsible and suspended from UNC for one full academic year, which, if imposed, will cause Doe to lose his scholarship which pays for a significant portion of his education. Doe seeks to minimize the harm of UNC's wrongful determination that he engaged in any sexual misconduct, and to prevent further harm. Requiring Doe to proceed under his real name, or disclose the names of his accusers, would cause the precise harm that he seeks to avoid and presumably his accuser would also choose to avoid.

In light of the nature of this case, private and intimate details regarding the lives of Doe and his accuser will be at issue. Moreover, the reason for bringing the lawsuit is to restore Doe's good name. If Doe is required to disclose his identity in this litigation, and UNC's actions are found to be unlawful, the harm would already be done. Doe's name will forever be publicly associated with allegations of gender-based misconduct,

5

specifically, sexual misconduct. For these reasons, courts have routinely found that in cases involving allegations of this nature, the parties should be allowed to proceed under pseudonym. *See Doe v. Virginia Polytechnic Inst. & State Univ.*, 2020 WL 1287960 at *3 (W.D. Va. Mar. 18, 2020 (allegations of sexual assault involve sensitive and highly personal facts that can invite harassment and ridicule and weighs heavily in favor of allowing a plaintiff to proceed by pseudonym); *George Mason Univ.*, 179 F. Supp. 3d at 592-94; *Painter v. Doe*, 2016 WL 3766466, at *6.

Since the interests at play here are of a highly sensitive nature, this factor weighs heavily in favor of anonymity. Doe is seeking in this litigation to have his good name restored. If his name is disclosed, then he can never be made whole because this sensitive and prejudicial information will be published in the public arena and the damage will have been done.

## II. The Identification of Doe Poses Potential Retaliatory Physical and Mental Harm

The second factor likewise weighs in Doe's favor. If his identity is disclosed, Doe could be targeted for retaliatory physical or mental harm based solely on the accusation of sexual misconduct. *George Mason Univ.*, 179 F. Supp. 3d at 593. Moreover, UNC affords anonymity to both accusers and accused *during the pendency* of disciplinary proceedings.[1] There is no reason to lift this veil of anonymity now simply because UNC erred and forced

---

[1] FERPA prevents institutions that receive federal funding from releasing student's educational records without their consent. 20 U.S.C. § 1232g(b)(1).

6

Doe to resort to federal litigation to clear his name.

Anonymity in this proceeding is even more crucial in this case because of the recent North Carolina Supreme Court decision in *DTH Media Corp. v Folt*, 841 S.E.2d 251 (N.C. 2020), *cert denied*, 141 S.Ct 1126 (2021), holding that the public and the media are entitled under the Public Records Law to limited disclosure of "final outcomes" of school administrative proceedings, which include the name of the student, the violation committed and any sanction imposed by the institution on that student. Public disclosure of this information would make it easy to merely Google the Plaintiff's name and immediately learn of the highly sensitive facts of this case, the false accusations, and the name of Plaintiff's accuser—all of which is protected under FERPA and not subject to disclosure under the Public Records Law. The ease by which non-public information would be available makes the protection of Plaintiff's identity, the identity of the four female students, and the sensitive facts, a necessity. [2]

Under the current social climate, there is no doubt that accusations of sexual misconduct are sufficient to tarnish a young man's reputation. It does not matter that the accused has not been charged or convicted of a crime. In this instance, UNC erroneously and wrongfully found Doe responsible for violations of the Title IX Policy, and even if this Court finds that the finding was wrongfully obtained in violation of state and federal law, that will not change the damage done if his request for anonymity is denied. And when

---

[2] Plaintiff is also seeking a TRO and preliminary injunction to prevent release of the information subject to disclosure under the Public Records Law, as determined by *DTH Media Corp. v Folt*, 841 S.E.2d 251 (N.C. 2020), *cert denied*, 141 S.Ct 1126 (2021), until such time as a final determination is reached in this litigation.

Doe is permitted to return to UNC to finish his education, the reputation created by UNC's wrongful determinations would precede him and it would jeopardize his safety and place him at risk for unwarranted retribution. Having to live with this public reputation would be detrimental to Doe's physical and mental health.

Moreover, it would be harmful to publicize the names of the female accusers as it would subject them to "unwanted scrutiny, harassment and ridicule." *See Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 at *2. Therefore, this factor also weighs in favor of anonymity.

### III. Doe and Jane Roe Are Both Young Adults

Doe and Roe were in the first weeks of their Freshman year of college at the time of the conduct at issue in this case. Doe was 17 years old at the time and some courts have stated that being over eighteen years old should not be held against a college student seeking anonymity. *Yacovelli v. Moeser*, 2004 U.S. Dist. LEXIS 9152, *24 (M.D.N.C. May 20, 2004). While this factor alone does not weigh heavily towards providing anonymity, it does support providing anonymity.

### IV. The Lawsuit Is Against Both Government and Private Parties

When a plaintiff challenges the government, courts are more likely to allow him or her to proceed under a pseudonym than in cases involving private parties, since actions against private individuals may harm their reputations. *Yacovelli,* 2004 U.S. Dist. LEXIS 9152, *8; *Painter*, 2016 WL 3766466, at *6; *Virginia Polytechnic Inst. & State Univ.,* 2022 WL 972629 at *3 (Courts are more likely to permit a plaintiff to proceed under a pseudonym in actions against the government because government entities typically do not

8

involve injury to reputation). Here, UNC and several of its employees are named as Defendants. The Individual Defendants engaged in work for the governmental entity and are being sued in their official and individual capacities. Because the Individual Defendants are government employees, there is much less concern than there would be with merely private individuals.

There is also a public interest in state activity, including activity that violates constitutional principles. That interest is advanced by protecting the identities of Doe and his accuser. The only information that the public needs regarding Doe and Roe is that they were all undergraduate students at UNC. There is no public interest in learning the identities of Doe or Roe through this litigation; it is sufficient that the underlying facts and legal claims are public, as they will be. Therefore, this factor favors proceeding under a pseudonym.

## V. There Is No Risk of Unfairness to Defendants

Allowing Doe to proceed under a pseudonym will not inhibit the Defendants from defending themselves against the allegations raised by Doe in this suit. UNC is well aware of Doe's and Roe's identities, as it conducted multiple investigations, hearings and appeals during which their identities were disclosed. Therefore, permitting Doe and Roe to remain anonymous will not result in any prejudice to Defendants. This factor also weighs in favor of permitting Doe and Roe to proceed under pseudonyms.

## CONCLUSION

The Court should allow Doe and Roe to proceed anonymously because of the highly sensitive and private nature of the issues before the Court, and the lack of prejudice to Defendants. Therefore, Jacob Doe respectfully requests that the court enter an order allowing this action to proceed using pseudonyms for Doe and Roe for the duration of this litigation.

Respectfully submitted this 17th day of January 2024, by:

>**EKSTRAND & EKSTRAND, LLP**
>*Attorneys for Plaintiff*
>
>/s/   Robert Ekstrand
>Robert C. Ekstrand, N.C. Bar No. 26673
>110 Swift Avenue, 2nd Floor
>Durham, North Carolina 27705
>Office (919) 416-4590
>rce@ninthstreetlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on 17 January 2024 I filed the foregoing using the Clerk's CM/ECF system, which will provide notice to all counsel of record; and, further, I certify that the foregoing will be served on all parties together with the summons and complaint.

>/s/   Robert Ekstrand
>Robert C. Ekstrand