IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:24-CV-00041-WO-LPA

| JACOB DOE, | |
|---|---|
| Plaintiff, | |
| v. | **MOTION TO SEAL** |
| THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al., | |
| Defendants. | |

Under Federal Rule of Civil Procedure 5.2 and Local Rule 5.4(c), Defendants respectfully move this Court to seal Exhibits 4, 5, 6, 7, 9, 10, and 11 to Defendants' Response Brief in Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition") and the redacted portions of the Opposition Brief. In support of this Motion, Defendants state as follows:

1. This Motion to Seal concerns documents arising from a Title IX sexual misconduct investigation and disciplinary proceeding involving Plaintiff Jacob Doe, as the Responding Party, and Jane Roe, as the Reporting Party. Both Plaintiff and Roe were University of North Carolina at Chapel Hill ("UNC-CH") students at the time of these events.

2. Defendants seek to permanently seal the following documents, which include student education records and sensitive personal medical information that are protected by federal privacy laws:

   a. **Exhibit 4** – UNC-CH's Equal Opportunity and Compliance ("EOC") Investigation Report – August 22, 2023

   b. **Exhibit 5** – Appendix D to EOC Investigation Report: Roe's UNC Health Emergency Room Medical Records

   c. **Exhibit 6** – UNC-CH Hearing Officer Notice of Hearing Outcome – October 6, 2023

   d. **Exhibit 7** – UNC-CH Appeals Officer Decision – December 21, 2023

   e. **Exhibit 9** – EOC Assessment Letter of Plaintiff's Complaint – June 16, 2023

   f. **Exhibit 10** – Associate Vice Chancellor for EOC Emails with Plaintiff's Counsel

   g. **Exhibit 11** – Hearing Officer Emails with Roe re Attorney Participation and Scheduling

3. Under the Family Educational Rights and Privacy Act ("FERPA"), UNC-CH cannot release student "education records" containing "personally identifiable information." 20 U.S.C. § 1232g(b)(1). Education records include "those records, files, documents, and other materials which . . . contain information directly related to a student." *Id.* § 1232g(a)(4)(A). Personally identifiable information includes, but is not limited to:

(a) The student's name;

(b) The name of the student's parent or other family members;

(c) The address of the student or student's family;

(d) A personal identifier, such as the student's social security number, student number, or biometric record;

(e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;

(f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or

(g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. § 99.3. When a "student initiates legal action against an educational agency or institution," like UNC-CH, "the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education records that are relevant for the educational agency or institution to defend itself," as UNC-CH has done here. 34 C.F.R. § 99.31(a)(9)(iii)(B).

4. Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended, Pub. L. 104-191, highly sensitive medical information, like that included in these Exhibits, would be protected in the hands of a covered health care provider. *See generally* 45 C.F.R. Part 164, Subpart E.

5. **Exhibits 4, 5, 6, and 9** should be sealed under FERPA because they are education records containing personally identifiable information concerning

Plaintiff, Roe, and other UNC-CH students. Though pseudonyms have been used where possible, these documents include sufficient detail that it may be possible for the public to identify these students even in instances where their true name has not been used. *See* 34 C.F.R. § 99.3. Additionally, these documents should be sealed because they include highly sensitive medical information concerning Plaintiff and Roe. Specifically, Exhibit 5 is Roe's medical records from the UNC Health Emergency Department following Plaintiff's alleged assault of Roe. And Exhibits 4, 6, and 9 discuss the information in Exhibit 5 as well as other sensitive medical information concerning both Plaintiff and Roe.

6. **Exhibits 7, 10, and 11** should be sealed under FERPA because they are education records containing personally identifiable information concerning Plaintiff and Roe. Though pseudonyms have been used where possible, these documents include sufficient detail that it may be possible for the public to identify these students even in instances where their true name has not been used. *See* 34 C.F.R. § 99.3.

7. Courts have sealed similar documents pursuant to FERPA. *See, e.g.*, *Painter v. Doe*, No. 3:15-CV-369, 2016 WL 3766466, at *4 (M.D.N.C. July 13, 2016) ("FERPA provides a compelling interest in protecting" the confidentiality of a Title IX sexual misconduct hearing transcript); *see also Rosenfeld v. Montgomery Cty. Pub. Schs.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("There is no doubt that the

district court should consider FERPA" in the context of a motion to seal education records); *see also, e.g.*, *Borkowski v. Baltimore Cnty.*, 492 F. Supp. 3d 454, 494 (D. Md. 2020) (sealing education records relating to a Title IX investigation).

8. Courts have likewise sealed documents containing highly sensitive medical information that would be subject to HIPAA protections. *See, e.g.*, *Bell v. Shinseki*, No. 1:12-CV-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014) ("sensitive medical information may be sealed" pursuant to a "narrowly tailored" request); *see also Fulp v. Columbiana Hi Tech, LLC*, NO. 1:16-CV-1169, 2018 WL 1027159, at *10 (M.D.N.C. Feb. 21, 2018) (sealing "confidential sensitive and personal medical information").

9. In addition to the statutory basis for protecting these Exhibits, which include confidential student and medical information, the Exhibits include highly sensitive and personal information concerning the sexual assault of a student, which further warrants sealing. *Painter*, 2016 WL 3766466, at *4; *see also Alexander v. City of Greensboro*, No. 1:09-CV-00293, 2013 WL 6687248, at *5 (M.D.N.C. Dec. 18, 2013) (sealing records, in part, because disclosing the "[n]ames of alleged sexual assault victims [would] 'serve no useful public or investigative purpose'").

10. The same reasoning for sealing that applied in those cases supports sealing Defendants' Exhibits here.

11. Because Defendants' Opposition references the confidential and highly sensitive information in the Exhibits for which sealing is sought above, Defendants have publicly filed a redacted version of their Opposition and seek permission to file their unredacted Opposition under seal.

12. The Exhibits and Opposition should be maintained under seal despite the public's presumptive right of access under either the common law or the First Amendment to the United States Constitution.

13. When the common law provides a right of access, a court may seal judicial documents if competing interests outweigh the public's common law right of access. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir.1984). Alternatively, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

14. First Amendment access is not an unfettered right and may be overcome if sealing the documents serves an important, or compelling, governmental interest and there is no less restrictive way to serve that interest. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Lynch v. Private Diagnostic Clinic, PLLC*, No. 1:16CV526, 2018 WL 1384486, at *6 (M.D.N.C. Mar. 16, 2018).

15. Further, "the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1998) (citations omitted). The Exhibits at issue here arguably are not among them. *See, e.g., Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 327-28 (4th Cir. 2021); *Rushford,* 846 F.2d at 253 (citation omitted).

16. Notably, however, even if the more stringent First Amendment standard applies here, the strong interest in sealing the highly sensitive information in the Exhibits satisfies that standard. There is a compelling government interest in sealing information protected by federal privacy laws, such as FERPA. *See Rosenfeld*, 25 F. App'x at 132 ("There is no doubt that the district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate under the applicable First Amendment standard"); *Painter*, 2016 WL 3766466, at *4 (finding that the defendant "ha[d] a compelling interest in having her private educational records protected, as provided by FERPA"). Similarly, there is a compelling government interest in sealing information that would be protected under HIPAA in the hands of a covered health care provider. *See, e.g.*, *Bell*, 2013 WL 3157569, at *9; *Fulp*, 2018 WL 1027159, at *10.

17. Defendants' request also meets the narrow tailoring requirement. The request is as modest as feasible given the highly sensitive information at stake. Given the length and detail of Defendants' Exhibits, there is no feasible alternative

to sealing. Redacting all confidential and sensitive information therein would render the documents unreadable.

19. Redacting Defendants' Exhibits also is not feasible given the ways medical information is intertwined with student information and the difficulty of predicting what information may "alone or in combination" be "linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty," and thus be personally identifiable information subject to FERPA protections. *See* 34 C.F.R. § 99.3. And though 34 C.F.R. § 99.31(a)(9)(iii)(B) allows UNC-CH to disclose Jacob Doe's information *to the Court*, it does not permit UNC-CH to make this information public or to disclose non-party student information to the Court (or otherwise) as part of defending the university.

19. This motion to seal provides adequate public notice of Defendants' request to have the Exhibits remain under seal. *M.G.M. by and through Mabe v. Keurig Green Mountain, Inc.*, No. 1:22-CV-36, 2022 WL 6170557, at *1 (M.D.N.C. Oct. 7, 2022) (citing *In re Knight Publishing Co.*, 743 F.2d at 235); *see also Mears v. Atl. Southeast Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request seal.").

20. It is within the sound discretion of this Court to grant this Motion. *E.g.*, *Va. Dept. of State Police v. Washington Post*, 386 F. 3d 567, 575 (citing *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598-99 (1978)).

21. In the event Defendants' Motion to Seal is denied in whole or in part, Defendants respectfully request instruction from the Court on how to publicly file their Exhibits with redactions and the opportunity to withdraw any Exhibits or portions of their Opposition Brief that Defendants determine cannot be filed publicly.

WHEREFORE, Defendants respectfully requests that the Court grant this Motion and permanently seal Exhibits 4, 5, 6, 7, 9, 10, and 11 to Defendants' Opposition Brief and the redacted portions of the Opposition Brief for the reasons stated herein.

Respectfully submitted this 6th day of February, 2024.

JOSHUA H. STEIN
Attorney General

*/s/ Anne Phillips Martin*
Anne Phillips Martin
Assistant Attorney General
NC State Bar No. 48760
amartin@ncdoj.gov
NC Department of Justice
PO Box 629
Raleigh, NC 27602
Tel: 919.716.6920
Fax: 919.716.6764

*Attorney for Defendants*

*/s/ Marla Spector Bowman*
Marla Spector Bowman
N.C. Bar No. 49097
marla_bowman@unc.edu
Office of University Counsel
University of North Carolina
at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105
Tel: (919) 962-1219
*Attorney for Defendant University of North Carolina at Chapel Hill*

*/s/ Laura E. Dean*
Laura E. Dean
N.C. Bar No. 43775
ledean@northcarolina.edu
University of North Carolina
223 S. West Street, Suite 1800
Raleigh, NC 27603
Tel: (919) 962-4551
*Attorney for Defendants University of North Carolina System, Board of Governors of the University of North Carolina, University of North Carolina at Chapel Hill, and Board of Trustees of the University of North Carolina at Chapel Hill*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **MOTION TO SEAL** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel:

Robert C. Ekstrand
rce@ninthstreetlaw.com

This the 6th day of February, 2024.

/s/ Anne Phillips Martin
Anne Phillips Martin
Assistant Attorney General
*Attorney for Defendants*