IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JACOB DOE,                         )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    1:24-cv-41
                                   )
THE UNIVERSITY OF NORTH            )
CAROLINA SYSTEM, et al.,           )
                                   )
        Defendants.                )
```

**ORDER**

Before this court are three motions to seal filed at various times by Plaintiff Jacob Doe and Defendants the University of North Carolina System, the University of North Carolina at Chapel Hill, the University of North Carolina Board of Governors, Board of Trustees of the University of North Carolina at Chapel Hill, Lee H. Roberts, Elizabeth Hall, Jaclyn Feeney, Beth Froehling, Jeremy Enlow, John Kasprzak, and Karlina Matthews (collectively, "Defendants"). The motions are as follows:

   1. Defendants' Motion to Seal, (Doc. 14), specifically, Defendants' Response Brief in Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition Brief"), (Doc. 15), and Exhibits 4, (Doc. 15-4), 5, (Doc.

15-5), 6, (Doc. 15-6), 7, (Doc. 15-7), 9, (Doc. 15-9), 10, (Doc. 15-10), and 11, (Doc. 15-11);

2. Plaintiff's Motion to Seal Exhibits Annexed to Plaintiff's Reply Supporting Plaintiff's Motion for a Preliminary Injunction, (Doc. 19), specifically, Exhibits 1, (Doc. 18-1), and 4, (Doc. 18-4); and

3. Plaintiff's Motion to Seal Exhibits Annexed to Plaintiff's Brief in Support of Plaintiff's Motion for Reconsideration, (Doc. 24), specifically, Exhibit 1, (Doc. 25-1).

For the following reasons, this court will grant the motions to seal.

## I.  **LEGAL STANDARD**

"It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 (1978) (footnotes omitted). "[D]ocuments filed with the court are 'judicial records' if they play a role in the adjudicative process, or adjudicate substantive rights." In re Application of the United States for an Ord. Pursuant to 18 U.S.C. Section 2703(d), 707 F.3d 283, 290 (4th Cir. 2013). Motions to seal records and documents that are

not judicial in nature remain subject to the "good cause" standard of Federal Rule of Civil Procedure 26(c).

For those records and documents that are judicial in nature, "[t]he right of public access to documents or materials filed in a district court derives from two independent sources: the common law and the First Amendment." Va. Dep't of State Police v. Wash. Post, 386 F.3d 567, 575 (4th Cir. 2004) (citation omitted). The distinction between the rights afforded by these two sources is significant because "the common law does not provide as much access to the press and public as does the First Amendment." In re State-Record Co., 917 F.2d 124, 127 (4th Cir. 1990) (per curiam).

"The common law presumes a right to inspect and copy judicial records and documents." Id. "This presumption of access, however, can be rebutted if countervailing interests heavily outweigh the public interests in access." Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988). However, as described in In re Application, "[n]either Goetz, In re Knight, nor Moussaoui – which all relied on Nixon – use a 'heavily outweigh' standard. . . . Moreover, Rushford subsequently states: 'The party seeking to overcome the presumption bears the burden of showing some significant

interest that <u>outweighs</u> the presumption.'" <u>In re Application</u>, 707 F.3d at 293 n.12 (citing <u>Rushford</u>, 846 F.2d at 253).

The following are among the factors to be weighed in the common-law balancing test: "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding of an important historical event; and whether the public has already had access to the information contained in the records." <u>In re Knight Publ'g Co.</u>, 743 F.2d 231, 235 (4th Cir. 1984) (citing <u>Nixon</u>, 435 U.S. at 597–608).

Unlike the common-law right of access, "the First Amendment guarantee of access has been extended only to particular judicial records and documents." <u>Stone v. Univ. of Md. Med. Sys. Corp.</u>, 855 F.2d 178, 180 (4th Cir. 1988) (citations omitted). The Fourth Circuit has held that the First Amendment grants access to "documents filed in connection with plea hearings and sentencing hearings in criminal cases" as well as "documents filed in connection with a summary judgment motion in a civil case." <u>Rushford</u>, 846 F.2d at 253 (citations omitted).

-4-

> In deciding whether the First Amendment right of access extends to a particular kind of hearing, both the Supreme Court and the courts of appeals have looked to two factors: historical tradition and the function of public access in serving important public purposes. In the first inquiry, the court asks whether the type of proceeding at issue has traditionally been conducted in an open fashion. In the second inquiry, the court asks whether public access to the proceeding would tend to operate as a curb on prosecutorial or judicial misconduct and would further the public's interest in understanding the criminal justice system.

In re Wash. Post Co., 807 F.2d 383, 389 (4th Cir. 1986) (citations omitted).

When the First Amendment right of access applies, "a district court may restrict access only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." Stone, 855 F.2d at 180 (citation committed). "The burden to overcome a First Amendment right of access rests on the party seeking to restrict access," and that party must present specific reasons, as opposed to conclusory assertions, in support of restricting access. Va. Dep't of State Police, 386 F.3d at 575 (citing Press-Enter. Co. v. Superior Ct. of Cal., 478 U.S. 1, 15 (1986)).

Under both the common law and the First Amendment jurisprudence, "the right of access to judicial records and documents may be abrogated only in unusual circumstances."

-5-

Stone, 855 F.2d at 182. A district court "must determine the source of the right of access with respect to each document" that is the subject of a motion to seal. Id. at 181. "Only then can it accurately weigh the competing interests at stake." Id. After determining whether the right of access arises under the common law or the First Amendment, the district court

> must then weigh the appropriate competing interests under the following procedure: it must give the public notice of the request to seal and a reasonable opportunity to challenge the request; it must consider less drastic alternatives to sealing; and if it decides to seal it must state the reasons (and specific supporting findings) for its decision and the reasons for rejecting alternatives to sealing.

Va. Dep't of State Police, 386 F.3d at 576 (citing Stone, 855 F.2d at 181). Although the Fourth Circuit in Virginia Department of State Police was dealing with disclosures from a criminal matter, the same procedure applies to judicial records in civil cases. See In re Knight Publ'g Co., 743 F.2d at 234-35.

## II. ANALYSIS

The documents both Plaintiff and Defendants move to seal are related to preliminary injunction proceedings. Another court in this district has found that materials sought to be filed under seal, when filed in conjunction with a motion for a preliminary injunction, "were filed with the objective of obtaining judicial action." Bayer Cropscience Inc. v. Syngenta Crop Prot., LLC, 979 F. Supp. 2d 653, 656 (M.D.N.C. 2013). As

-6-

such, they are "judicial records" warranting either common law or First Amendment rights of access. Id.

This court finds that "the briefing and exhibits filed in connection with motions seeking injunctive relief are subject to the public's First Amendment right of access." Id. (citing Publicker Indus., Inc. v. Cohen, 733 F.2d 1059 (3d Cir. 1984) (finding a First Amendment right of access to preliminary injunction proceedings)). Although the Fourth Circuit has noted previously that "we have never held that the public has a First Amendment right of access to a pretrial hearing on a non-dispositive civil motion or to the transcript of such a hearing," Va. Dep't of State Police, 386 F.3d at 580, the merits analysis required in a preliminary injunction proceeding suggests the heightened scrutiny of the First Amendment test is appropriately applied.

The Family Educational Rights and Privacy Act ("FERPA") requires student educational records to be kept confidential by institutions receiving federal funds unless disclosure is consented to, or disclosure is necessary to defend the institution against legal action. Jennings v. Univ. of N.C. at Chapel Hill, 340 F. Supp. 2d 679, 681–82 (M.D.N.C. 2004). The Health Insurance Portability and Accountability Act ("HIPAA") requires personal medical information be kept confidential.

Pinnix v. SSC Silver Stream Operating Co., LLC, 7:14CV161, 2015 WL 4671979, at *10 (E.D.N.C. Aug. 6, 2015). Though FERPA and HIPAA protections should be considered, federal confidentiality law alone is not enough to overcome a First Amendment right of access. See Rosenfeld v. Montgomery Cnty. Pub. Schs., 25 Fed. Appx. 123, 132 (4th Cir. 2001); Jennings, 340 F. Supp. 2d at 682. However, district courts in the Fourth Circuit have also identified the need to protect "sensitive medical information" and "private educational records" as compelling interests. Bell v. Shinseki, 1:12CV57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013) (finding that "the parties' confidentiality concerns" over medical records was a compelling government interest); Painter v. Doe, 1:15CV369, 2016 WL 3766466, at *4 (W.D.N.C. July 13, 2016) (finding that a student has a compelling interest in protecting the privacy of her educational records).

Here, Plaintiff has a compelling interest in the privacy of his own educational and medical records, and Defendants have a compelling interest in protecting the privacy of their students' educational and medical records and acting consistently with FERPA and HIPAA. Sealing the documents is a narrowly tailored response to these compelling interests. As in Painter, the parties only seek to seal these documents, not strike them from the record or severely redact them. The sealed documents remain

available for the parties' use but not the public's, which sufficiently protects the parties' privacy interests. See id. at 5. The documents contain intertwined personal identifiers and medical information regarding Plaintiff and Jane Roe which make redacting a more drastic response than sealing. Thus, the court sees no less drastic alternative to sealing (Docs. 15, 15-4, 15-5, 15-6, 15-7, 15-9, 15-10, 15-11, 18-1, 18-4, and 25-1).

As discussed above, this court is required to follow certain procedural safeguards, including providing adequate public notice that the sealing of documents may be ordered and an opportunity for interested persons to object to the request for sealing before the court makes its decision. See Va. Dep't of State Police, 386 F.3d at 576. Here, "the motions were filed on the public docket and have been pending for several months, satisfying this court's duty to give the public notice and an opportunity to respond. There have been no objections filed, either by the parties or any member of the public." RF Micro Devices, Inc. v. Xiang, 1:12CV967, 2016 WL 6768936, at *3 (M.D.N.C. July 25, 2016) (citation omitted). As to each of the documents for which sealing is requested, this court finds there has been adequate public notice and interested parties have had a reasonable opportunity to object to the requested sealing. Further, the parties have filed redacted versions of these

-9-

documents, (Doc. 14, 14-4, 14-5, 14-6, 14-7, 14-9, 14-10, 14-11, 17-1, 17-4, and 22-1), which appear to be redacted sparingly and in good faith. Accordingly, this court finds that the documents, (Docs. 15, 15-4, 15-5, 15-6, 15-7, 15-9, 15-10, 15-11, 18-1, 18-4, and 25-1), are appropriately sealed and the motions, (Docs. 14, 19, and 24), will be granted.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that the following motions to seal are **GRANTED:**

1. Defendant's Motion to Seal, (Doc. 14), specifically, Defendant's Response Brief in Opposition to Plaintiff's Motion for Preliminary Injunction ("Opposition Brief"), (Doc. 15), and Exhibits 4, (Doc. 15-4), 5, (Doc. 15-5), 6, (Doc. 15-6), 7, (Doc. 15-7), 9, (Doc. 15-9), 10, (Doc. 15-10), and 11 (Doc. 15-11);

2. Plaintiff's Motion to Seal Exhibits Annexed to Plaintiff's Reply Supporting Plaintiff's Motion for a Preliminary Injunction, (Doc. 19), specifically, Exhibits 1, (Doc. 18-1), and 4, (Doc. 18-4); and

3. Plaintiff's Motion to Seal Exhibits Annexed to Plaintiff's Brief in Support of Plaintiff's Motion for Reconsideration, (Doc. 24), specifically, Exhibit 1,

-10-

Case 1:24-cv-00041-WO-LPA   Document 38   Filed 07/08/24   Page 10 of 11

(Doc. 25-1).

This the 8th day of July, 2024.

_____
United States District Judge