# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
# CIVIL ACTION NO: 1:24-CV-00041-WO-LPA

| | |
|---|---|
| JACOB DOE,<br><br>Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.,<br><br>Defendants. | **DEFENDANTS' MOTION TO DISMISS** |

Defendants the University of North Carolina System, the University of North Carolina at Chapel Hill ("UNC-CH"), the University of North Carolina Board of Governors, the Board of Trustees of the University of North Carolina at Chapel Hill (collectively, the "UNC Defendants"), Lee Roberts, Elizabeth Hall, Jaclyn Feeney, Beth Froehling, Jeremy Enlow, John Kasprzak, and Karlina Matthews (collectively, the "Individual Defendants") (all together, "Defendants"), pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff Jacob Doe's First Amended Complaint ("Complaint"), (ECF 33), in its entirety, with prejudice. In support of this Motion, Defendants show the Court as follows:

1. During Plaintiff's freshman year, he was reported to UNC-CH for sexually assaulting another student, Jane Roe.

2. UNC-CH conducted a thorough investigation into this report, interviewing Plaintiff, Roe, and eight other witnesses.

3. After a three-day hearing, UNC-CH's Hearing Officer concluded that Plaintiff had sexually assaulted Roe, in violation of UNC-CH's policies, and imposed a one-academic-year suspension.

4. Plaintiff appealed this decision, but UNC-CH's Appeals Officer affirmed, making Plaintiff's suspension final as of December 2023.

5. In January 2024, Plaintiff filed this lawsuit, naming the four UNC Defendants and seven Individual Defendants. (ECF 1).

6. At the same time, Plaintiff moved for a preliminary injunction, seeking an early end to his suspension. (ECF 4). That motion was denied, the Court having found that Plaintiff was not likely to succeed on the merits of his Title IX claim. (ECF 20).

7. On April 11, 2024, Plaintiff moved for reconsideration of that decision. (ECF 22). Plaintiff's Motion for Reconsideration is fully briefed, (ECF 23, 27), and Defendants contend that it should likewise be denied.

8. On June 24, 2024, Plaintiff filed his First Amended Complaint ("Complaint"). The Complaint alleges eight claims against Defendants:

    (1) Violation of 42 U.S.C. §1983 against all Defendants;

    (2) Violation of 20 U.S.C. §1681, Title IX, against UNC-CH;

(3) Breach of Contract against UNC-CH;

(4) Negligent Training, Hiring, Supervision, and Retention against UNC-CH and Hall;

(5) Negligent Infliction of Emotional Distress ("NIED") against the Individual Defendants;

(6) Intentional Infliction of Emotional Distress ("IIED") against the Individual Defendants;

(7) Tortious Interference with Contract against UNC-CH and the Individual Defendants; and

(8) Violation of the North Carolina Constitution against UNC-CH.

9. The Complaint is subject to dismissal in its entirety.

10. Under Rules 12(b)(1), 12(b)(2), and 12(b)(6), Plaintiff's §1983 claim should be dismissed because it (1) is barred by the UNC Defendants and official-capacity Individual Defendants' sovereign immunity, (2) fails to allege a constitutional violation, and (3) is precluded by the individual-capacity Individual Defendants' qualified immunity.

11. Under Rule 12(b)(6), Plaintiff's Title IX claim should be dismissed because neither his (1) allegations about external pressures on UNC-CH, nor (2) allegations about UNC-CH's investigatory or adjudicatory process, nor (3) conclusory allegations show that Plaintiff experienced particularized gender discrimination *because of* his gender.

3

12. Under Rules 12(b)(1), 12(b)(2), and 12(b)(6), Plaintiff's state-law claims should be dismissed because (1) they are barred by sovereign immunity, and (2) he otherwise fails to state a claim.

13. In support of their Motion to Dismiss, Defendants have relied on documents that Plaintiff relied upon and made integral to the Complaint, and that were previously filed in opposition to Plaintiff's preliminary injunction motion, including:

- UNC-CH's Title IX Policy, (ECF 13-1);

- UNC-CH's Policy on Prohibited Discrimination, Harassment and Related Misconduct ("PPDHRM"), (ECF 13-2);

- UNC-CH's Title IX Procedures, (ECF 13-3); and

- UNC-CH's Hearing Officer Notice of Hearing Outcome, (ECF 15-6).[1]

14. Specifically, Plaintiff dedicates numerous pages of his Complaint to discussing UNC-CH's policies, (*see* Compl. at 10-33), and the Notice of Hearing Outcome, (*id.* at 48-52, 101-03). Indeed, the basis for many of Plaintiff's claims rests on his belief that UNC-CH's policies were improperly applied and the Notice of Hearing Outcome shows UNC-CH's alleged gender bias against him.

15. Because Plaintiff has referenced these documents and made them integral to his Complaint, they can be considered in support of Defendants' Rule

---

[1] The Court recently granted Defendants' Motion for the Notice of Hearing Outcome to be filed under seal. (ECF 38).

4

12(b)(6) Motion. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) ("[W]hen a defendant attaches a document to its motion to dismiss, a court may consider it in determining whether to dismiss the complaint if it was integral to and explicitly relied on in the complaint and if the plaintiffs do not challenge its authenticity." (cleaned up)); *Kerr v. Marshall Univ. Bd. of Govs.*, 824 F.3d 62, 68 & n.1 (4th Cir. 2016) (relying on student handbook attached by university when affirming dismissal).

16. These documents can also be considered in support of Defendants' Rule 12(b)(1) and 12(b)(2) Motions. *Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999); *IHFC Properties, LLC v. APA Mktg., Inc.*, 850 F. Supp. 2d 604, 615-16 (M.D.N.C. 2012).

17. For all these reasons, and as explained in greater detail in Defendants' accompanying Brief, Plaintiff's Complaint should be dismissed.

WHEREFORE, Defendants respectfully request:

1. That the Court dismiss Plaintiff's Complaint in its entirety, with prejudice;

2. The Plaintiff have and recover nothing from Defendants;

3. That the costs of this action, including reasonable attorneys' fees as permitted by law, be taxed against Plaintiff; and

4. That the Court award such other relief as it deems just and proper.

5

This the 15th day of July, 2024.

JOSHUA H. STEIN
Attorney General

/s/ *Anne Phillips Martin*
Anne Phillips Martin
Assistant Attorney General
N.C. Bar No. 48760
amartin@ncdoj.gov
North Carolina Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919-716-6920
Fax: 919-716-6764
*Attorney for Defendants*

s/ *Marla Spector Bowman*
Marla Spector Bowman
N.C. Bar No. 49097
marla_bowman@unc.edu
Office of University Counsel
University of North Carolina
at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105
Tel: (919) 962-1219
*Attorney for Defendant University of North Carolina at Chapel Hill*

/s/ *Laura E. Dean*
Laura E. Dean
N.C. Bar No. 43775
ledean@northcarolina.edu
University of North Carolina
223 S. West Street, Suite 1800
Raleigh, NC 27603
Tel: (919) 962-4551

*Attorney for Defendants University of North Carolina System, Board of Governors of the University of North Carolina, University of North Carolina at Chapel Hill, and Board of Trustees of the University of North Carolina at Chapel Hill*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel:

>Robert C. Ekstrand
>rce@ninthstreetlaw.com

This the 15th day of July, 2024.

/s/ *Anne Phillips Martin*
Anne Phillips Martin
*Attorney for Defendants*
