IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO: 1:24-CV-00041-WO-LPA

| | |
|---|---|
| JACOB DOE,<br><br>    Plaintiff,<br><br>v.<br><br>THE UNIVERSITY OF NORTH CAROLINA SYSTEM, et al.,<br><br>    Defendants. | **DEFENDANTS' CONSENT MOTION TO SEAL BRIEF IN SUPPORT OF MOTION TO DISMISS** |

Under Federal Rule of Civil Procedure 5.2 and Local Rule 5.4(c), Defendants respectfully move this Court to seal portions of Defendants' Brief in Support of Motion to Dismiss, (ECF 40). Plaintiff consents to the relief requested herein. In support of this Motion, Defendants state as follows:

1. This Motion to Seal concerns references to the University of North Carolina at Chapel Hill's ("UNC-CH") Hearing Officer's October 6, 2023, Notice of Hearing Outcome ("Outcome Notice"), (ECF 15-6), in Defendants' Brief in Support of Motion to Dismiss, (ECF 40), ("Brief").

2. In February 2024, Defendants, with Plaintiff's consent, moved to permanently seal the Outcome Notice and references to the Outcome Notice in their

Opposition to Plaintiff's Motion for Preliminary Injunction, (ECF 13).[1] (ECF 14).

3. The Outcome Notice followed a Title IX sexual misconduct investigation and disciplinary proceeding involving UNC-CH students Plaintiff Jacob Doe, as the Responding Party, and Jane Roe, as the Reporting Party. The Outcome Notice references student education records and sensitive personal medical information that are protected by federal privacy laws, and other highly sensitive information concerning a sexual assault. (*See* ECF 14; ECF 15-6).

4. On July 8, 2024, the Court granted Defendants' Motion to Seal, (ECF 38), stating that "Plaintiff has a compelling interest in the privacy of his own educational and medical records, and Defendants have a compelling interest in protecting the privacy of their students' educational and medical records and acting consistently with FERPA and HIPAA" and that "Sealing the documents is a narrowly tailored response to these compelling interests," (*id.* at 8).

5. The same compelling interests that supported the Court's sealing of the Outcome Notice, support sealing references, citations, and quotes to the Outcome Notice in Defendants' Brief.

---

[1] Defendants also requested that the Court seal other exhibits and references thereto. (ECF 14). However, because Defendants do not reference any of those documents it their Brief, they are not discussed here.

6. Under the Family Educational Rights and Privacy Act ("FERPA"), UNC-CH cannot release student "education records" containing "personally identifiable information." 20 U.S.C. §1232g(b)(1). Education records include "those records, files, documents, and other materials which . . . contain information directly related to a student." *Id.* §1232g(a)(4)(A). Personally identifiable information includes, but is not limited to:

> (a) The student's name;
>
> (b) The name of the student's parent or other family members;
>
> (c) The address of the student or student's family;
>
> (d) A personal identifier, such as the student's social security number, student number, or biometric record;
>
> (e) Other indirect identifiers, such as the student's date of birth, place of birth, and mother's maiden name;
>
> (f) Other information that, alone or in combination, is linked or linkable to a specific student that would allow a reasonable person in the school community, who does not have personal knowledge of the relevant circumstances, to identify the student with reasonable certainty; or
>
> (g) Information requested by a person who the educational agency or institution reasonably believes knows the identity of the student to whom the education record relates.

34 C.F.R. §99.3. When a "student initiates legal action against an educational agency or institution," like UNC-CH, "the educational agency or institution may disclose to the court, without a court order or subpoena, the student's education

3

records that are relevant for the educational agency or institution to defend itself," as UNC-CH has done here. 34 C.F.R. §99.31(a)(9)(iii)(B).

7. Under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), as amended, Pub. L. 104-191, highly sensitive medical information, like that included in these Exhibits, would be protected in the hands of a covered health care provider. *See generally* 45 C.F.R. Part 164, Subpart E.

8. Courts have considered FERPA when sealing education records related to Title IX proceedings. *See, e.g.*, *Painter v. Doe*, No. 3:15-CV-369, 2016 WL 3766466, at *4 (M.D.N.C. July 13, 2016) ("FERPA provides a compelling interest in protecting" the confidentiality of a Title IX sexual misconduct hearing transcript); *see also Rosenfeld v. Montgomery Cnty. Pub. Sch.*, 25 F. App'x 123, 132 (4th Cir. 2001) ("There is no doubt that the district court should consider FERPA" in the context of a motion to seal education records); *see also, e.g.*, *Borkowski v. Baltimore Cnty.*, 492 F. Supp. 3d 454, 494 (D. Md. 2020) (sealing education records relating to a Title IX investigation).

9. Courts have likewise sealed documents containing highly sensitive medical information that would be subject to HIPAA protections. *See, e.g.*, *Bell v. Shinseki*, No. 1:12-CV-57, 2013 WL 3157569, at *9 (M.D.N.C. June 20, 2013), *aff'd*, 584 F. App'x 42 (4th Cir. 2014) ("sensitive medical information may be sealed" pursuant to a "narrowly tailored" request); *see also Fulp v. Columbiana Hi*

4

*Tech, LLC*, NO. 1:16-CV-1169, 2018 WL 1027159, at *10 (M.D.N.C. Feb. 21, 2018) (sealing "confidential sensitive and personal medical information").

10. In addition to these statutory bases for sealing, Defendants' Brief references portions of the Outcome Notice that discuss highly sensitive and personal information surrounding the sexual assault of a student. The sensitivity of the underlying matter further warrants sealing. *Painter*, No. 3:15-CV-369, 2016 WL 3766466, at *4; *see also Alexander v. City of Greensboro*, No. 1:09-CV-00293, 2013 WL 6687248, at *5 (M.D.N.C. Dec. 18, 2013) (sealing records, in part, because disclosing the "[n]ames of alleged sexual assault victims [would] 'serve no useful public or investigative purpose'").

11. Thus, certain portions of Defendants' Brief should be maintained under seal despite the public's presumptive right of access under either the common law or the First Amendment to the United States Constitution.

12. When the common law provides a right of access, a court may seal judicial documents if competing interests outweigh the public's common law right of access. *In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir.1984). Alternatively, "[w]hen the First Amendment provides a right of access, a district court may restrict access 'only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest.'" *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004).

13. First Amendment access is not an unfettered right and may be overcome if sealing the documents serves an important, or compelling, governmental interest and there is no less restrictive way to serve that interest. *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988); *Lynch v. Private Diagnostic Clinic, PLLC*, No. 1:16CV526, 2018 WL 1384486, at *6 (M.D.N.C. Mar. 16, 2018).

14. Further, "the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1998) (citations omitted). The Fourth Circuit has explicitly extended a First Amendment right of access to civil complaints, documents filed in connection with plea hearings and sentencing hearings in criminal cases, and documents filed in connection with a summary judgment motion in a civil case. *See Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 327-28 (4th Cir. 2021); *Stone*, 855 F.2d at 180; *Rushford,* 846 F.2d at 253 (citation omitted).

15. Under either standard, sealing portions of Defendants' Brief is appropriate here. Sealing outweighs the public's common law right and there is a compelling government interest, as this Court has already recognized, (ECF 38), in sealing because the information is protected by federal privacy laws, such as FERPA. *See Rosenfeld,* 25 F. App'x at 132 ("There is no doubt that the district court should consider FERPA in making its determination whether sealing of the documents in question is appropriate under the applicable First Amendment

standard"); *Painter*, No. 3:15- CV-369-MOC-DCK, 2016 WL 3766466, at *4 (finding that the defendant "ha[d] a compelling interest in having her private educational records protected, as provided by FERPA"). Similarly, the public's common law right is outweighed and there is a compelling government interest in sealing information that would be protected under HIPAA in the hands of a covered health care provider. *See, e.g.*, *Bell*, No. 1:12-CV-57, 2013 WL 3157569, at *9; *Fulp*, No. 1:16-CV-1169, 2018 WL 1027159, at *10.

16. Furthermore, Defendants' request is narrowly tailored. Defendants only seek to seal portions of their Brief that reference, cite, or quote the Outcome Notice's confidential and sensitive information. The redacted version of Defendants' Brief has been publicly filed. (ECF 40).

17. This motion to seal provides adequate public notice of Defendants' request to have portions of Defendants' Brief remain under seal. *M.G.M. by and through Mabe v. Keurig Green Mountain, Inc.*, No. 1:22-CV-36, 2022 WL 6170557, at *1 (M.D.N.C. Oct. 7, 2022) (citing *In re Knight Publishing Co.*, 743 F.2d at 235); *see also Mears v. Atl. Southeast Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . . is sufficient to provide public notice and opportunity to challenge the request seal.").

18. On July 11, 2024, Plaintiff's counsel advised that Plaintiff consents to the relief requested here.

19. In the event Defendants' Motion to Seal is denied in whole or in part, Defendants respectfully request instruction from the Court on how to publicly file their Brief with references to the Outcome Notice, or, alternatively, the opportunity to withdraw their Brief and timely file a new brief without references to the sealed Outcome Notice.

WHEREFORE, Defendants respectfully request that the Court grant this Motion and permanently seal portions of Defendants' Brief in Support of Motion to Dismiss for the reasons stated herein.

Respectfully submitted this 15th day of July, 2024.

JOSHUA H. STEIN
Attorney General

 /s/ *Anne Phillips Martin*
Anne Phillips Martin
Assistant Attorney General
NC State Bar No. 48760
amartin@ncdoj.gov
NC Department of Justice
PO Box 629
Raleigh, NC  27602
Tel: 919.716.6920
Fax: 919.716.6764
*Attorney for Defendants*

/s/ *Marla S. Bowman*
Marla S. Bowman
N.C. Bar No. 49097
marla_bowman@unc.edu
Office of University Counsel
University of North Carolina
at Chapel Hill
123 W. Franklin St., Suite 600A
Chapel Hill, NC 27599-9105
Tel: (919) 962-1219
*Attorney for Defendant University of North Carolina at Chapel Hill*

/s/ *Laura E. Dean*
Laura E. Dean
N.C. Bar No. 43775
ledean@northcarolina.edu
University of North Carolina
223 S. West Street, Suite 1800
Raleigh, NC 27603
Tel: (919) 962-4551
*Attorney for Defendants University of North Carolina System, University of North Carolina at Chapel Hill, University of North Carolina Board of Governors, and Board of Trustees of the University of North Carolina at Chapel Hill*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing **DEFENDANTS' CONSENT MOTION TO SEAL BRIEF IN SUPPORT OF MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all registered CM/ECF users, including Plaintiff's counsel:

> Robert C. Ekstrand
> rce@ninthstreetlaw.com

This the 15th day of July, 2024.

> /s/ *Anne Phillips Martin*
> Anne Phillips Martin
> Assistant Attorney General
> *Attorney for Defendants*